Filed 7/28/26  Martinez v. The Regents of the U. of Cal. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARCEL MARTINEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>    Defendants and Respondents. | D086733<br><br><br>(Super. Ct. No. 37-2023-00041531-CU-MM-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Marcel Martinez, in pro. per., for Plaintiff and Appellant.

Cole Pedroza, Kenneth E. Pedroza, Kristin Tannler; Peabody & Buccini, Thomas M. Peabody and Kathryn Martin Low, for Defendants and Respondents.

Marcel Martinez sued Defendants The Regents of the University of California and Matthew Meunier, M.D., alleging lack of informed consent and professional negligence arising from a wrist surgery performed by Dr. Meunier.  Martinez appeals the summary judgment entered in favor of Defendants and claims the trial court abused its discretion in denying his ex

parte application to continue the motion. We conclude the court did not abuse its discretion in denying a continuance and summary judgment was proper on all claims asserted against Defendants. We thus affirm.

## I.

## A.

On September 17, 2022, an ambulance took Martinez to the University of California San Diego Medical Center following a motorcycle accident. Imaging studies revealed an ulnar styloid fracture and a distal radius fracture of the right wrist, the latter of which was displaced and angulated dorsally. The emergency department trauma team performed a closed reduction and applied a splint. The orthopedic surgery team recommended Martinez undergo an open reduction internal fixation surgery. Martinez presented to the Medical Center for the procedure, which was performed by Dr. Meunier.

Before surgery, the procedure and its associated risks were explained to Martinez, and he signed an informed consent form indicating his agreement to proceed with the surgery. He tolerated the surgery without complication and was discharged the same day.

Martinez saw Dr. Meunier for a post-operative visit. Imaging demonstrated a well-positioned plate with no evidence of displacement or re-fracture. Repeat imaging showed that Martinez had positive clinical progression, was healing well, and had no complications. Additional imaging showed continued healing. He was advised to return if he had any future issues, but he did not seek any further treatment.

## B.

Martinez, proceeding in propria persona, filed a complaint against Defendants alleging lack of informed consent and professional negligence

arising from the surgery.  He claimed he did not provide consent for the procedure and was not adequately informed of its potential results, risks, or alternatives.  He further alleged Defendants' care and treatment fell below the applicable standard of care.

Defendants moved for summary judgment or, alternatively, for summary adjudication, with the motion set for hearing on May 16, 2025. Defendants argued their care and treatment of Martinez, including the informed consent discussions, complied with the standard of care exercised by other members in the medical profession and did not cause his alleged injuries.

In support of the motion, Defendants submitted an expert declaration from Merlin Jake Hamer, M.D., a board-certified orthopedic surgeon with additional qualifications in hand surgery.  Based on his education, training, experience, and review of Martinez's medical records and other case materials, Dr. Hamer opined the care and treatment provided to Martinez complied with the applicable standard of care and did not cause any of his claimed injuries.  Dr. Hamer further noted the medical records reflected the recognized risks of the surgery were disclosed to Martinez before the procedure and Martinez signed an informed consent form, conduct that complied with the standard of care.

When Martinez failed to oppose their motion by the April 25, 2025 deadline, Defendants filed a notice of non-opposition.  Martinez filed an ex parte application seeking a continuance of the motion hearing, asserting he needed additional time to obtain medical records he allegedly lacked due to Defendants' misconduct.  The trial court denied the request, finding no good cause for a continuance.

Martinez filed an untimely opposition but did not submit any expert testimony in support of his opposition, arguing res ipsa loquitur applied and the evidence established negligence per se based on alleged violations of various statutes and regulations.

The trial court granted Defendants' motion for summary judgment on the ground there were no triable issues of material fact as to standard of care, causation, and informed consent and entered judgment in Defendants' favor.

II.

A.

Martinez claims the trial court abused its discretion by denying his requested continuance. He maintains his ex parte application and signed declaration established good cause for continuing the summary judgment motion to avoid irreparable harm. We disagree.

An ex parte application for a continuance must be filed no later than 20 days before the noticed hearing on the summary judgment motion, i.e., when the opposition is due. (Code Civ. Proc., § 437c, subd. (b)(2) & (h).) A party seeking a continuance must demonstrate, through supporting declarations, "that facts essential to justify opposition may exist but cannot, for reasons stated, be presented." (§ 437c, subd. (h).) We review a trial court's order denying a request for a continuance for abuse of discretion. (*Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152.)

We discern no abuse of discretion for several reasons.

First, Martinez's ex parte application was untimely. He filed the application on May 7, 2025, nine days before the noticed hearing and offered no explanation for failing to seek relief before the statutory deadline.

Second, Martinez failed to satisfy the substantive requirements of section 437c(h). His declaration did not identify the specific facts necessary to

4

oppose the motion, explain why he believed those facts existed, describe the efforts undertaken to obtain them, or establish why additional time was needed to secure either the evidence or an expert witness. (§ 437c(h); *Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 656.)

Third, the trial court could reasonably conclude Martinez failed to establish good cause for a continuance. He asserted his last several months had been occupied by "probate litigation" with trial "quickly" ensuing and this matter "occupied virtually all" his time. But the trial court was not required to accept Martinez's conclusory contention as sufficient justification for delaying resolution of the summary judgment motion. Martinez also asserted Defendants had not yet provided all his medical records in response to a request served on January 30, 2025. Although the register of actions reflects he filed a "Motion to Compel Discovery" in May 2024, it does not reflect such a motion for his January 2025 discovery request and no such motion appears in the record. This undermines any claim he diligently pursued the discovery he contended was essential to oppose the motion.

Finally, Martinez noted the parties had stipulated to continue the trial date and the deadline for retaining expert witnesses, and he had not yet retained an expert witness. This circumstance did not constitute good cause for a continuance. Martinez filed this action in September 2023 and offered no meaningful explanation for why, nearly 20 months later, he still had not retained an expert witness necessary to support his professional negligence claims.

In summary, Martinez's request was untimely, failed to satisfy the requirements of section 437c(h), and did not demonstrate diligence in obtaining the evidence he claimed was necessary to oppose summary judgment. Under

5

these circumstances, the trial court acted within its discretion in denying the requested continuance.

## B.

Martinez maintains the trial court erred in granting summary judgment for Defendants because (1) Defendants did not meet their initial burden of proof, (2) his claims fall within the scope of common knowledge, and (3) the court failed to liberally construe the issues framed by the pleadings. We discern no error.

## 1.

The trial court and reviewing court evaluate a summary judgment motion under the same framework. (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144.) First, because summary judgment is framed by the pleadings, the court examines the complaint to identify the elements of the causes of action at issue. (*Ibid.*) Next, the court reviews the moving papers and supporting evidence to determine whether the defendant has met its initial burden of establishing that one or more elements of a claim cannot be proven or that a complete defense exists. (*Ibid.*) If the defendant makes the required prima facie showing, the burden shifts to the plaintiff to present evidence demonstrating a triable issue of material fact. (*Ibid.*)

On appeal, we independently review the record, construing the evidence in the manner most favorable to the plaintiff as the nonmoving and losing party and resolving all doubts and ambiguities in the evidence in the plaintiff's favor. (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 620.)

The essential elements of a medical malpractice cause of action are (1) the medical professional's duty of care, (2) breach of that duty, (3) an injury caused by the professional's negligence, and (4) resulting damages. (*Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 468, fn. 2.) To prove a medical malpractice action where negligence is not obvious to a layperson, the

plaintiff must present expert testimony showing the defendant breached a duty to the plaintiff and this breach caused the plaintiff's injury. (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 523.) A medical malpractice defendant who supports a summary judgment motion with applicable expert declarations "'is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.'" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 985.)

2.

In this case, Defendants' expert, Dr. Hamer, stated he was familiar with the standard of care for an orthopedic surgeon such as Dr. Meunier. Based on his education, training, and experience as an orthopedic hand surgeon in the same community as Dr. Meunier and the Medical Center, he opined Defendants' care and treatment of Martinez complied with the standard of care in all respects and did not cause Martinez's claimed injuries. He noted the medical records reflected that the recognized risks of the surgery were disclosed to Martinez before the procedure. And Martinez signed an informed consent form that complied with the standard of care.

Dr. Hamer's declaration made a prima facie showing that Martinez could not establish the breach of duty element of his causes of action. Accordingly, the burden shifted to Martinez to demonstrate a triable issue of material fact. (§ 437c(p)(2).) Martinez, however, did not submit an expert declaration to dispute Dr. Hamer's opinions or create a triable issue regarding whether Defendants breached the applicable standard of care. Instead, Martinez relied on his own declaration and the doctrine of res ipsa loquitur.

The doctrine of res ipsa loquitur creates a presumption affecting the burden of producing evidence. (Evid. Code, § 646(b).) This presumption "'require[s] the trier of fact to assume the existence of the presumed fact' unless

7

the defendant introduces evidence to the contrary." (*Brown v. Poway Unified School Dist.* (1993) 4 Cal.4th 820, 826.) When a defendant moves for summary judgment on the ground the plaintiff cannot prove a breach of duty or causation, the plaintiff may defeat the motion by demonstrating the doctrine applies. (See *ibid*.) However, a plaintiff is relieved of the obligation to present contrary expert evidence only if the plaintiff establishes the three prerequisites for application of the res ipsa loquitur doctrine: (1) the injury ordinarily does not occur in the absence of someone's negligence; (2) it was caused by an instrumentality within defendant's exclusive control; and (3) it was not due to any voluntary action or contribution on the part of the plaintiff. (*Id.* at pp. 825-826.) The classic example of an injury that ordinarily does not occur in the absence of someone's negligence is a scalpel left in the patient's body following surgery. (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001.)

Here, Martinez devotes more than 20 pages of his opening brief to reciting portions of Dr. Hamer's declaration and asserting res ipsa loquitur applies because the record purportedly demonstrates statutory violations. Specifically, he asserts Dr. Hamer's declaration contradicts ten statutes. But Martinez never explains, with citation to the record or reasoned legal analysis, how Dr. Hamer's declaration conflicts with those statutes. Nor does he explain how any purported statutory inconsistency establishes Dr. Meunier breached the applicable standard of care in performing the surgery or obtaining Martinez's informed consent. Those issues involve matters of medical judgment and professional practice that are beyond the common experience of laypersons and ordinarily require expert testimony. Absent competent and conflicting medical opinion evidence, Martinez failed to carry his burden of establishing

Dr. Meunier's surgical decisions, choice of hardware, interpretation of imaging, or informed consent process fell below the applicable standard of care.

Indeed, in his discovery responses, Martinez identified the alleged negligent acts or omissions as including failing to discuss external fixation, scheduling insufficient time for the operation, using dangerous materials when safer alternatives were allegedly available, selecting incorrect screw sizes, failing to use a torque limiter or screw length gauge during implantation of the hardware, choosing the wrong-sized metal plate, and relying on an unreasonable interpretation of a fluoroscopy. Each of these allegations concerns specialized surgical techniques, medical-device selection, operative procedures, or intraoperative clinical judgment. Whether such decisions complied with the standard of care is not a matter within the common knowledge of laypersons. Rather, those issues require expert testimony to establish the applicable standard of care and any deviation from it.

Martinez also contends the trial court failed to liberally construe the allegations of his complaint and, as a result, improperly identified the issues framed by the pleadings. Yet he does not explain how this purported error defeats Defendants' showing on summary judgment. Regardless of how Martinez characterizes his claims, every theory of medical negligence requires proof that Defendants breached an applicable duty of care. Defendants' evidence established the absence of negligence and therefore defeats any medical malpractice claim Martinez might assert against them. Nor do his alternative factual theories—such as his allegations regarding the timing and sequence of events—implicate different standards of care. As the Supreme Court has explained, "[a]s to any given defendant, only one standard of care obtains under a particular set of facts, even if the plaintiff attempts to articulate multiple or alternate theories of liability." (*Flowers*, 8 Cal.4th at p. 998.)

9

Because Defendants satisfied their initial burden through Dr. Hamer's expert declaration and Martinez failed to present contrary expert evidence or otherwise establish the applicability of the common knowledge exception, no triable issue of material fact existed. Accordingly, the trial court properly granted summary judgment in Defendants' favor.

III.

We affirm. Defendants are entitled to recover their appellate costs. (Cal. Rules of Court, rule 8.278(a)(1).)

CASTILLO, J.

WE CONCUR:

McCONNELL, P. J.

O'ROURKE, J.

10